IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID L. GATCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:04-0249 |
| ) | Judge Nixon / Knowles |
| HERBERT R. RICH, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss with Prejudice and for Award of Costs and Attorney Fees." Docket Entry No. 4. In support of that Motion, Defendant has filed a Memorandum of Law. Docket Entry No. 5.

Plaintiff has filed a "Memorandum Opposing Defendant's Motion to Dismiss." Docket Entry No. 7.

Plaintiff filed this *pro se* action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, alleging that Defendant violated his rights "in not providing [him] a proper validation notice, requesting unauthorized and unearned interest and requesting attorney's fees in light of the fact that they were unsupported by any agreement or statute." Docket Entry No. 1. Plaintiff seeks declaratory relief, actual and statutory damages, costs, and reasonable attorneys' fees. *Id.*

Defendant filed the instant Motion to Dismiss and accompanying Memorandum on April 19, 2004, asserting, *inter alia*, that Plaintiff's claims are time-barred. Docket Entry Nos. 4, 5.

Plaintiff filed a "Memorandum Opposing Defendant's Motion to Dismiss," on May 7, 2004. Docket Entry No. 7.

On June 28, 2005, Judge Nixon referred the pending Motion to the undersigned for consideration. Docket Entry No. 9.

In his opposing Memorandum, Plaintiff acknowledges that, "My complaint under the FDCPA was filed on or about March 30, 2004. I was served with the initial communication from [Defendant] on February 20, 2003." Docket Entry No. 7. Plaintiff states, "For the purpose of this motion, I admit that the complaint was not timely filed ..." *Id.* Plaintiff also states, "I concede that I missed the one-year filing deadline ...." *Id.* Plaintiff argues that he spoke to numerous attorneys in an attempt to retain counsel, that no attorney would accept his case, that he then realized that he would have to proceed *pro se*, that he had to "turn to the internet for [his] information," that he "had to teach [himself]," that he is a single parent, that he works full-time, and that he "had to do this when [he] was able." *Id.*

It is undisputed that the FDCPA has a one year statute of limitations. 15 U.S.C. § 1692k(d). Additionally, the Sixth Circuit has held that when the claimed violation is the initial communication, the statute of limitations begins to run five days after the initial communication has occurred in order to allow for the delivery of the validation notice. *See Drumright v. Collection Recovery, Inc.,* 500 F. Supp. 1, 1-2 (M.D. Tenn. 1980). As Plaintiff acknowledges, the initial communication from Defendant occurred on February 20, 2003, but he did not file his Complaint until on or about March 30, 2004. *See* Docket Entry No. 7.

Plaintiff is acting *pro se*. Although the Court must construe *pro se* complaints liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the fact that Plaintiff is *pro se* does not exempt him from filing his Complaint in accordance with the applicable statute of limitations. Plaintiff concedes that his Complaint was not timely filed and that he "missed the one-year filing

2

deadline." Plaintiff's arguments that he spoke to numerous attorneys in an attempt to retain counsel, that no attorney would accept his case, that he then realized that he would have to proceed *pro se*, that he had to "turn to the internet for [his] information," that he "had to teach [himself]," that he is a single parent, that he works full-time, and that he "had to do this when [he] was able" do not overcome the fact that his claims are time-barred.

Because Plaintiff's claims are time-barred, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Defendant also seeks recovery of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). Docket Entry Nos. 4, 5. Defendant argues that 15 U.S.C. § 1692k(a)(3) "provides a Defendant relief from baseless suits such as the case at bar," and that, the Sixth Circuit has deemed *pro se* suits "frivolous and lack[ing] an arguable or rational basis in law when barred by an applicable statute of limitations." *Id.* Accordingly, Defendant argues that he should be awarded the attorneys' fees and costs incurred in defending Plaintiff's suit. *Id.*

15 U.S.C. § 1692k(a)(3) states in pertinent part:

> (3) ... On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Based upon the record as it currently stands, the Court cannot conclude that Plaintiff filed suit "in bad faith and for the purpose of harassment." Accordingly, the undersigned recommends that Defendant's request for attorneys' fees and costs be DENIED.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall

3

have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                        _____
                                                        E. CLIFTON KNOWLES
                                                        United States Magistrate Judge