UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID L. GATCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 3:04-0249 |
| | ) | Judge Nixon |
| HERBERT R. RICH, | ) | Magistrate Judge Knowles |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Herbert R. Rich's Motion to Dismiss with Prejudice and for Award of Costs and Attorney Fees (Doc. No. 4), along with a supporting Memorandum of Law (Doc. No. 5), to which Plaintiff David L. Gatchell has responded in opposition (Doc. No. 7). This Court referred the Motion to Dismiss to the Magistrate Judge for consideration. (Doc. No. 9.) The Magistrate Judge issued a Report and Recommendation (Doc. No. 10) ("Report"). The Plaintiff has filed Response of David Gatchell to the Ruling of the Magistrate (Doc. No. 11), and the Defendant has countered with Response to Plaintiff's Objections (Doc. No. 13). For the reasons stated below, the Court ADOPTS the Magistrate Judge's Report and thus GRANTS in part and DENIES in part Defendant's Motion by DISMISSING WITH PREJUDICE Plaintiff's action and DENYING Defendant's request for attorneys' fees and costs.

### I. Background

On January 29, 2003, Defendant Herbert R. Rich ("Defendant" or "Rich") filed a lawsuit in Tennessee state court to collect attorney fees that Plaintiff David L. Gatchell ("Plaintiff" or

"Gatchell") allegedly owed Defendant's client. Gatchell was served with the summons on February 20, 2003. The summons stated that the suit sought "debt in the amount of $1,100.33, due for legal services rendered and expenses incurred at [Gatchell's] request plus a reasonable attorney's fee and $64.25 suit costs, all being an amount under $15,000.01 Dollars." (Ex. A to Doc. No. 1.)

On March 29, 2004, Plaintiff filed this pro se action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq., complaining that Defendant violated provisions of the FDCPA, which prohibit debt collectors from engaging in abusive, deceptive or unfair practices. (Doc. No. 1). Specifically, Plaintiff complains that Defendant violated the FDCPA by not complying with the validation and notice requirements of 15 U.S.C. § 1692(g), requesting attorneys' fees and/or collection costs in violation of the law, failing to notify Gatchell in the summons that pre-judgment interest was being sought, and requesting unauthorized pre-judgment interest at a hearing held in state court on April 21, 2003. (Doc. Nos. 1, 11.) Plaintiff seeks declaratory and actual relief, actual and statutory damages, costs, and attorneys' fees. (Id.)

Defendant filed the instant Motion to Dismiss and supporting Memorandum of Law asserting that Plaintiff's claims are time-barred under the FDCPA's one year statute of limitations. (Doc. No. 5.) The Magistrate Judge's Report agreed with Defendant that Gatchell's claims under the FDCPA are time-barred.[1]

---

[1] Defendant also originally sought attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3). (Doc. No. 4.) As neither party objected to the Magistrate's Report denying Defendant's request for fees and costs (Doc. Nos. 11, 13), the Court need not address this issue de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Rule 5 of the Local Rules Governing Duties of and Proceedings Before Magistrate Judges. In any event, the Court finds that the Magistrate Judge reached the correct conclusion in denying Defendant's request for attorneys' fees and costs.

## II. Legal Standards

"An action to enforce any liability created by [the FDCPA] may be brought . . . within one year from that date on which the violation occurs." 15 U.S.C. § 1692k(d). In the instant matter, Plaintiff challenges the sufficiency of Defendant's summons under 15 U.S.C. § 1692g(a), which requires the debt collector to send written notice containing specific information regarding the debt "[w]ithin five days after the initial communication . . . unless the following information is contained in the initial communication or the consumer has paid the debt . . . ." As the statute in effect affords the debt collector a five-day cure period to remedy a deficient initial communication, the statute of limitations runs one year and five days from the initial communication. See Drumright v. Collection Recovery, Inc., 500 F. Supp. 1, 1 (M.D. Tenn. 1980) ("A violation of section g would not ripen until five days after the initial communication . . . ."). This general rule does not distinguish between initial communications in the form of lawsuits or other forms of communication ("General Rule"). In cases that have specifically reviewed lawsuits, the circuits are split as to whether the filing of the lawsuit or service of process triggers the statute of limitations. While the Ninth Circuit has announced that the statute would begin running on the date the complaint is filed ("Filing Rule"), Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997), the Tenth Circuit has established that it begins to run the day after the debtor is served with the complaint ("Service Rule"), Johnson v. Riddle, 305 F.3d 1107, 1113-15 (10th Cir. 2002). Although Defendant argues that "initial communication" is the filing of the complaint, merely filing a complaint does not "communicate" the alleged violation of the FDCPA to the alleged debtor. However, service of process would communicate the alleged violation to the plaintiff. Cf. Johnson, 130 F.3d at 893 n.4 ("[T]he decision of whether to serve

Case 3:04-cv-00249   Document 14   Filed 11/21/05   Page 3 of 6 PageID #: 16

the debtor is the creditor's last opportunity to comply with the FDCPA.").

In the instant case, Rich filed the lawsuit on January 29, 2003 and Gatchell was served on February 20, 2003. Accordingly, under the General Rule and the Tenth Circuit's Service Rule, five days after the "initial communication" was February 25, 2003. Alternatively, under the Ninth Circuit's Filing Rule, it would be February 3, 2003. Thus, Gatchell's action, filed on March 29, 2004, was over one year and one month after the summons was served and almost a year and two months after the state suit was filed. Therefore, Gatchell's action is time-barred regardless of which rule applies.

Gatchell concedes that the portion of his lawsuit alleging that Defendant failed to comply with the validation and notice requirements of 15 U.S.C. § 1692(g) was not timely filed because it relates to the summons served on February 20, 2003. Gatchell, however, claims that Defendant's request for attorneys' fees and/or collection costs, Defendant's failure to notify Gatchell in the summons that pre-judgment interest was being sought, and Defendant's request for pre-judgment interest at a hearing held in state court on April 21, 2003 are not time-barred. Gatchell appears to be arguing that because Defendant attempted to prove his claim to attorneys' fees, collection costs and interest at the time of trial on April 21, 2003, these claims were raised after the summons and are not time-barred.

There is no doubt that Defendant sought attorneys' fees and collection costs at the outset of the suit, as the summons specifically lists the principal debt "plus a reasonable attorney's fee and $64.25 suit costs." (Doc. No. 1) (emphasis added). Thus, the alleged violation of the FDCPA relating to attorneys' fees and collection costs occurred when the summons was served, not when Defendant attempted to prove these claims in state court. See Nass, 130 F.3d at 893

-4-

("The alleged violation of the Act was not a reviewing court judgment, but the bringing of the suit itself.")

The sole remaining question is whether the pre-judgment interest sought at the April 21, 2003 hearing is a "new" violation of the FDCPA that would fall within the statute of limitations. Not declaring the interest component of the debt in the initial communication is a violation of 15 U.S.C. § 1692g(a)(1). Section 1692(g)(a)(1) mandates that the initial communication include "the amount of the debt." In the instant matter, Defendant's summons listed the principal "debt in the amount of $1,100.33, due for legal services rendered and expenses incurred at [Gatchell's] request" and attorneys' fees and collection costs, but no mention was made of interest. (Doc. No. 1.) Because the summons may not have reflected the whole debt – principal and interest – it may have violated 15 U.S.C. § 1692g(a)(1)'s requirement to state "the amount of the debt." See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. 2000) ("The unpaid principal balance [alone] is not the debt; it is only a part of the debt; the Act requires statement of the debt."). Any alleged violation of the FDCPA for not stating the interest sought, however, arose in the deficient summons. And as set out above, any FDCPA action based on Defendant's summons is time-barred.

Further, this case may be analogized to Sierra v. Foster & Garbus, 48 F. Supp.2d 393, 395 (S.D.N.Y. 1999) in which the plaintiff sought to avoid the FDCPA's statute of limitations by "contending that his claim was part of a 'continuing violation' under 15 U.S.C. § 1692k(d) . . . ." The district court rejected this theory stating that "[i]f plaintiff's theory were correct, however, his cause of action could be kept alive indefinitely because each new communication would start a fresh statute of limitations." Id. Gatchell appears to be making a similar end-run around the

Case 3:04-cv-00249   Document 14   Filed 11/21/05   Page 5 of 6 PageID #: 18

statute of limitations by claiming that Defendant's attempt to prove his case at trial is a "new communication" that violated the FDCPA. "This is not a case where defendant [has] sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred." Id. Here, all the alleged violations of the FDCPA stem directly from the summons served on February 20, 2003. This lawsuit, filed on March 29, 2004, is therefore time-barred.

Finally, the Court concurs with the Magistrate Judge that although Plaintiff is acting pro se and the Court must construe pro se complaints liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (stating that pro se plaintiffs' pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers"), the fact that Plaintiff is pro se does not exempt him from filing his Complaint in accordance with the applicable statute of limitations.

## IV.    Conclusion

Plaintiff's action is time-barred under the FDCPA's one year statute of limitations. Accordingly, the Court ADOPTS the Magistrate Judge's Report and GRANTS in part and DENIES in part Defendant's Motion by DISMISSING WITH PREJUDICE Plaintiff's action and DENYING Defendant's request for attorneys' fees and costs.

It is so ORDERED,

Entered this the __21st__ day of __November__, 2005

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT